

**LAW OFFICES OF WILLIAM CAFARO**

www.cafaroesq.com

William Cafaro, Esq.
ADMITTED IN NY, CA, MD & TX

108 West 39th Street, Suite 602
New York, New York 10018
Telephone: 212.583.7400
Facsimile: 212.583.7401
Email: bcafaro@cafaroesq.com

Amit Kumar, Esq.
Associate
ADMITTED IN NY & NJ
Email: akumar@cafaroesq.com

Andrew S. Buzin, Esq.
Of Counsel
ADMITTED IN NY, FL & DC

June 20, 2017

*Via ECF*
Robert M. Levy, U.S.M.J.
UNITED STATES DISTRICT COURT
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:    Lopes v. Heso, Inc. et al
             Case No.: 1:16-cv-06796-MKB-RML

Your Honor:

      This firm represents the Plaintiff and the putative class and collective in the above referenced Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action. Rather than submitting a formal motion for conditional certification, the parties have agreed to submit this joint request for rulings upon the following points of disagreement. After the Court rules, the parties will be able to finalize their stipulation for preliminary certification and the ancillary documents without further Court intervention. We accordingly request rulings on the following issues:

1) Whether the employee list to be disclosed and the notice will encompass a three or a six year period;

**Plaintiff's Position**

      There is a split within our circuit as to whether the conditional certification and the mailing of the Court approved notice should encompass a six year period or a three year period. To obviate the need for a ruling on this question, Plaintiffs are amenable to sending the Court approved notice only to the employees who have worked within the three year period preceding the filing date, provided that all of the contact information required to be provided for them is

also contemporaneously provided for the employees who have worked during the six year period. As numerous courts in our Circuit have stated, this three year look back period should be calculated from the filing of the Complaint. *See, Balderramo v. Taxi Tours Inc.*, No. 15-cv-2181, 2017 U.S. Dist. LEXIS 89404, *16-17 (S.D.N.Y. June 9, 2017) (allowing the notice look-back period to be three years from the filing of the complaint "to ensure that potential opt-in plaintiffs entitled to equitable tolling are not excluded from distribution of the notice"); *see also, Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011); *Robles v. Liberty Rest. Supply*, 2013 U.S. Dist. LEXIS 177922, *27-28 (E.D.N.Y. Dec. 18, 2013); *Winfield v. Citibank*, N.A., 843 F. Supp. 2d 397, 410 (S.D.N.Y. 2012); *Thompson v. World Alliance Fin. Corp.*, No. 08-cv-4951, 2010 U.S. Dist. LEXIS 85912, *23 (E.D.N.Y. Aug. 20, 2010); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 n.3 (S.D.N.Y 2007).

**Defendants' Position**

Plaintiff's proposal is improper, as the six year statute of limitations under the NYLL has no bearing on a discussion of issues pertaining to conditional class certification under the FLSA. If plaintiffs seek contact information for the employees who have worked during the six year period, they can request same in discovery and defendants will object or respond as appropriate.

Defendants also take exception to the proposed Notice insofar as it seeks to measure the three year look back period from the filing of the Complaint on December 8, 2016. The appropriate date from which to measure the window is the date on which Notice is ultimately issued. *See Anglada v. Linens 'N Things, Inc.*, No. 06 Civ. 12901(CM) (LMS), 2007 U.S. Dist. LEXIS 39105, at *26 n. 5, 2007 WL 1552511 (S.D.N.Y. April 26, 2007) (finding a three year period preceding the issuance of the notice "more in keeping with § 256(b)), adopted, 2007 U.S. Dist. LEXIS 38918 (S.D.N.Y. May 29, 2007); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F.Supp.2d 445, 451 (S.D.N.Y.2011) ("courts generally permit plaintiffs to send notice to those employed during the three year period prior to the date of the Order or to the mailing of the notice."); *Hernandez v. Immortal Rise, Inc.*, 2012 WL 4369746, at *7 (E.D.N.Y.,2012).

2) Whether or not management should be required to post the Notice in a conspicuous area in the workplace.

**Plaintiff's Position**

Posting a notice of the claim is proper in instances such as this where potential opt-in Plaintiffs will likely be able to find this information in an open and easy to find space within the work location. *See, e.g., Rosario v. Valentine Avenue Discount Store, Co., Inc.*, 828 F. Supp. 2d 508, 521 (E.D.N.Y. 2011) ("Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail."); *Harhash v. Infinity West Shoes, Inc.*, 2011 WL 4001072, at *5 (S.D.N.Y. Aug. 24, 2011) ("Courts in this District routinely order that Notice be posted in common areas or employee bulletin boards, even when notice is also provided via first-class mail."); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451(S.D.N.Y 2011) (same).

Here, conspicuously posting Notice and consent forms will effectively inform employees about the collective action claims. If the Notice is posted conspicuously, the goal of ensuring that all ***current employees*** are aware of the lawsuit could be achieved. Posting the Notice will help rectify any difficulties reaching potential collective action members through sending the Notice.

**Defendants' Position**

Posting the Notice is improper in this particular case. Potential class members, both alleged foremen and electricians, will not view the posted notice because they work in the field at jobsites located throughout New York City. Because defendants do not maintain control over those third party premises, positing at the sites is impossible. The only location where a posting could reside is in the corporate office. Critically, the potential class members do not visit the office and thus would never have the opportunity to view the posting. Only ineligible office employees would view the posting. The net effect of an office positing would be to confuse an ineligible group of employees while conferring no benefit on potential class members.

3) Whether a reminder notice may be sent:

**Plaintiff's Position**

Courts regularly authorize reminder notices in order to ensure that workers do not disregard the impending deadline and increase the odds that workers will be informed of their rights. *See Puglisi v.TD bank, N.A.*, 998 F.Supp 2d. 95, 101-02 (E.D.N.Y. 2014) (approving reminder); *Chhab v. Darden Rests., Inc.*, 11-cv-8345, 2013 U.S. Dist. LEXIS 135926 (S.D.N.Y. Sept 20, 2013) (same); *Morris v. Lettire Constr., Corp.*, 896 F. Supp. 2d 265, 275 (S.D.N.Y. 2012) ("Given that notice under the FLSA is intended to inform as many potential plaintiffs as possible . . . a reminder notice is appropriate.").

**Defendants' Position**

Defendants' position is that the reminder notice is excessive and adds nothing in terms of informing potential class members of their rights related to this action.

**Conclusion**

If the Court requires formal briefing of any of these issues please let us know. In order to ensure that these issues can all be addressed with sufficient finality for the parties to prepare a global stipulation, a telephone conference might be more expedient and time efficient in this regard, and a record would exist in the form of a recording.

Very truly yours,
LAW OFFICES OF WILLIAM CAFARO

_____/s/_____
By William Cafaro

cc: Scott Green