UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VALDINEI LOPES and EDISON NARANJO
On Behalf of Themselves and All Others
Similarly Situated,

                           Plaintiffs,

              -against-

HESO, INC., HAVANA WIRING & ELECTRICAL
CORP., QUALITY USED ELECTRICAL
EQUIPMENT INC., EMPIRE ELECTRICAL
SOLUTION INC. and HERNAN F. SOCARRAS
a/k/a FRANK SOCARRAS,

                           Defendants.
-----------------------------------------------------------------X

O R D E R

16 CV 6796 (MKB)(RML)

LEVY, United States Magistrate Judge:

                In lieu of a motion for conditional certification, the parties in this combined Fair

Labor Standards Act and New York Labor Law action request that the court provide rulings on

several points of disagreement.  (See Status Report requesting rulings, dated June 20, 2017

("Status Report"), Dkt. No. 22.)  The parties raise four legal issues, whether: (1) the recipients of

a court-approved notice should be determined based on a three- or six-year notice period; (2) the

proper date for calculating the look back period is the date the complaint was filed or the date

notice is issued; (3) defendants should be required to post notice in conspicuous areas in the

workplace; and (4) a reminder notice may be sent.  For the reasons stated below, I conclude that

(1) a six-year notice period is permissible and serves the best interests of judicial economy in this

case, so long as the notice is carefully crafted to minimize confusion among potential class

members; (2) while the date notice is issued is typically used to calculate the look back period,

the date the complaint was filed may be used, to ensure that potential plaintiffs whose claims

may be equitably tolled receive notice; (3) defendants may indeed be required to post the notice

in conspicuous areas in the workplace, including the corporate office; and (4) a reminder notice

may be sent, so long as it contains a disclaimer stating that the court neither encourages nor

discourages participation in the collective action.

## BACKGROUND

Plaintiff Valdinei Lopes initiated this collective and class action under the Fair

Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") on December 8, 2016.

(Complaint, dated Dec. 8, 2016, Dkt. No. 1.)  Plaintiff Edison Naranjo became an additional

class representative on June 7, 2017.  (First Amended Complaint, dated June 7, 2017, Dkt. No.

20.)  Hess, Inc., Havana Wiring & Electrical Corp., Quality Used Electrical Equipment Inc., and

Empire Electrical Solution Inc. are domestic business corporations whose principal place of

business is at 30-36 41st Street, Astoria, New York, and are allegedly all directed or controlled by

Hernan F. Socarras a/k/a Frank Socarras.  (Id. ¶¶ 20–76).[1]  Plaintiffs allege that they were

employed by defendants as electricians and working foremen, and were paid on an hourly basis.

(Id. ¶¶ 4, 6.)  Plaintiffs seek to represent themselves and all similarly situated current and former

electricians and working foremen who opt into the action, pursuant to 29 U.S.C. § 216(b), to

remedy FLSA violations.  (Id. ¶ 8.)  Plaintiffs also seek to represent an opt-out class, pursuant to

Federal Rule of Civil Procedure 23, to remedy NYLL violations.  (Id. ¶ 9.)

Following a pre-motion conference on plaintiffs' proposed § 216(b) motion, the

parties asked for rulings on several issues in order to obviate the need for a formal motion for

conditional certification and allow them to finalize a stipulation for preliminary certification

without further court intervention.  (See Status Report at 1.)  The issues requiring rulings are

---

[1] Hereafter, the corporate defendants and individual defendant will collectively be referred to as
"defendants," while the two individual named plaintiffs will be referred to as "plaintiffs."

whether: (1) the recipients of the court-approved notice should be determined based on a three-
or six-year notice period; (2) the proper date for calculating the look back period is the date the
complaint was filed or the date notice is issued; (3) defendants should be required to post the
notice in conspicuous areas in the workplace; and (4) a reminder notice may be sent.  (Id.)

DISCUSSION

A. Time Period to Be Covered by Notice

The parties disagree as to whether the conditional certification and the mailing of
a court-approved notice should encompass a three-year or six-year period.  (Id. at 1–2.)  The
FLSA has a three-year statute of limitations, while the NYLL has a six-year statute of
limitations.[2]  Compare 29 U.S.C. § 255(a) (three-year limitations period for willful violations),
with N.Y. LAB. LAW § 198(3) (six-year limitations period).  Plaintiffs contend that a six-year
notice period is appropriate, but acknowledge a split within the Second Circuit on this issue.[3]

---

[2] The FLSA statute of limitations does not settle this question because the certification and notice
process is a court-created device, authorized by § 216(b) but not required by it.  See Braunstein
v. E. Photographic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978) (per curiam) ("Although one
might read the Act, by deliberate omission, as not providing for notice, we hold that it makes
more sense, in light of the "opt-in" provision of § 16(b) of the Act, 29 U.S.C. § 216(b), to read
the statute as permitting, rather than prohibiting, notice in an appropriate case . . . . this holding
comports with the broad remedial purpose of the Act, which should be given a liberal
construction, as well as with the interest of the courts in avoiding multiplicity of suits.") (internal
citations omitted).  The Supreme Court has held that "Section 216(b)'s affirmative permission
for employees to proceed on behalf of those similarly situated must grant the court the requisite
procedural authority to manage the process of joining multiple parties in a manner that is orderly,
sensible, and not otherwise contrary to statutory commands or the provisions of the Federal
Rules of Civil Procedure."  Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989).
District courts are thus empowered to shape notice based on the facts of a case, bearing in mind
"that opt-in notice at this early stage of the litigation . . . is to be construed broadly in furtherance
of the remedial purposes of the FLSA."  Harrington v. Educ. Mgmt. Corp., No. 02 CV 0787,
2002 WL 1343753, at *1 (S.D.N.Y. 2002) (citing cases).

[3] In acknowledging the split, plaintiffs propose sending the court-approved notice only to
employees who have worked within the three-year period, "provided that all of the contact
information required to be provided for them is also contemporaneously provided for the

Continued . . .

3

(Id. at 1.)  Defendants counter that the six-year statute of limitations under the NYLL has no bearing on conditional class certification under the FLSA.  (Id. at 2.)

Because FLSA and NYLL claims are frequently brought together in federal courts in New York, this issue has been addressed by many district courts.[4]  There are three primary areas of concern district courts have raised in analyzing this question: subject-matter jurisdiction, judicial economy, and the practical effects of a more complex notice.

Some courts focus their analysis on jurisdictional grounds alone, finding a six-year notice improper because it would bring before the court claims over which it has no jurisdiction.  This argument rests on the belief that potential plaintiffs whose FLSA claims are time-barred are left with only NYLL claims that would necessarily be outside the court's subject matter jurisdiction.  These courts conclude that notice going back six years would improperly bring those plaintiffs before the court.  See, e.g., LeGrand v. Educ. Mgmt. Corp., No. 03 CV 9798, 2004 WL 1962076, at *3 n.2 (S.D.N.Y. Sept. 2, 2004) ("The longest applicable limitations period to plaintiffs' FLSA claim is three years if willful violations are established.  Thus, any potential plaintiff whose claim is more than three years old has a state law claim only.  In the absence of diversity and a claim for damages in excess of $75,000 (which seems unlikely), the Court would have no subject matter jurisdiction over claims that are more than three years old since such claims would be pure state law claims. There is no reason to provide an opt-in notice to a plaintiff whose claims could not be asserted in this Court.") (internal citations omitted); Foster v. Food Emporium, No. 99 CV 3860, 2000 WL 1737858, at *3 (S.D.N.Y. Apr. 6, 2000)

employees who have worked during the six year period."  (Id.)  Because plaintiffs would only be entitled to such contact information if they were entitled to notice for a six-year period, I do not separately address whether defendants may agree to this alternative proposal.

[4] To date, this issue has yet to be addressed squarely by the Second Circuit.

(rejecting six-year notice period because persons who have no federal claim but a timely state law claim would not be properly before the federal court, because they have no federal claim and there would not be diversity jurisdiction over any state claim they might assert); see also Sobczak v. AWL Indus., Inc., 540 F. Supp. 2d 354, 364–65 (E.D.N.Y. 2007) (citing LeGrand).

While one of these courts goes so far as to assert that the "growing trend" in the Eastern District "appears to be limiting the notice period to three years," McBeth v. Gabrielli Truck Sales, Ltd., 768 F. Supp. 2d 396, 400 (E.D.N.Y. 2011) (citing cases[5]), I find no evidence of such a trend in the Eastern District or beyond. Many district courts within the Second Circuit before and since McBeth have affirmed that there is no jurisdictional bar to extending the notice period to six years, given that the court may plainly exercise supplemental jurisdiction over the state-law claims of plaintiffs with timely FLSA claims.[6]

---

[5] Of the five cases McBeth cites for this trend, only three dealt with whether six-year or three-year notice was appropriate: Sobczak, LeGrand, and Lujan v. Cabana Management, No. 10 CV 755, 2011 WL 317984, at *9 (E.D.N.Y. Feb. 1, 2011). These cases found six-year notice periods improper on jurisdictional grounds. In the other two cases cited, Monger v. Cactus Salon & Spa's LLC, No. 08 CV 1817, 2009 WL 1916386, at *3 n.2 (E.D.N.Y. July 6, 2009), and Laroque v. Domino's Pizza, 557 F. Supp. 2d 346, 355 (E.D.N.Y. 2008), plaintiffs only sought a three-year notice period. (See Plaintiff's Memorandum of Law in Support of Motion for Notice Pursuant to Section 216(b) of the FLSA at Ex. A, Monger, No. 08 CV 1817 (Dkt. No. 15) (proposed notice)); Laroque, 557 F. Supp. 2d at 356 (citing proposed notice).

[6] See, e.g., Winfield v. Citibank, 843 F. Supp. 2d 397, 410–11 (S.D.N.Y. 2012) ("Because the plaintiff . . . also brings state law NYLL claims, that are governed by a six-year statute of limitations, this Court may exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367. There may be a number of employees with both timely FLSA and state law claims . . . ."); Moore v. Eagle Sanitation, 276 F.R.D. 54, 59 (E.D.N.Y. 2011) (" . . . the state law claims, over which the Court may exercise supplemental jurisdiction, are governed by a six-year statute of limitations . . . . It appears that there may be a number of employees who have both timely FLSA and state law claims."); Han v. Sterling Nat'l Mortg. Co., No. 09 CV 5589, 2011 WL 4344235, at *11 n.11 (E.D.N.Y. Sept. 14, 2011) (" . . . the state law NYLL claims, over which the Court may exercise supplemental jurisdiction, have a six year limitations period.") (internal citations omitted); Guzman v. VLM, Inc., No. 07 CV 1126, 2007 WL 2994278, at *6 (E.D.N.Y. Oct. 11, 2007) ("As the New York state law claims involve the same conduct as the FLSA claims, the exercise of supplemental jurisdiction is clearly proper. Given that I can

Continued . . .

Some of the cases finding that the court may not properly exercise supplemental jurisdiction also suggest that even these NYLL claims would not properly be before the court, on the theory that New York law does not permit NYLL class actions.  See, e.g., Foster, 2000 WL 1737858, at *3 ("[CPLR] § 901(b) provides that a plaintiff may not seek class-wide relief that includes statutorily prescribed liquidated or punitive damages unless the statute in questions [sic] explicitly authorizes its enforcement by class actions. There is therefore no basis for this Court to authorize notice to potential class members going back six years . . . .").  However, the view that New York procedural law determines whether a federal district court could certify state law class actions was squarely rejected by the United States Supreme Court.[7]  See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 408–10 (2010) (holding that FED R. CIV. P. 23 regulates procedure and is valid under the Rules Enabling Act; as such, Rule 23, not state law, governs the certification of state law class actions brought in federal court); see also Morris v. Alle Processing Corp., No. 08 CV 4874, 2013 WL 1880919, at *6 (E.D.N.Y. May 6, 2013) (plaintiffs need not waive claims to liquidated damages since class certification of NYLL claims seeking liquidated damages is permitted after Shady Grove).  Because it is now firmly established that Rule 23, and not state law, governs the certification of state law class actions brought in federal court, NYLL claims may be brought as class actions, so long as the court

---

properly exercise supplemental jurisdiction over the NYLL claims arising out of the policies complained of here, notice to all similarly situated employees who worked for VLM during the six years prior to the filing of this complaint is proper . . . .") (internal citations omitted).

[7] Even before the Supreme Court weighed in, many other courts held that New York law allows plaintiffs to bring NYLL class actions by waiving liquidated damages claims, as long as putative class members could opt out of the class. See Brzychnalski v. Unesco, Inc., 35 F. Supp. 2d 351, 353 (S.D.N.Y. 1999); Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 373–74 (S.D.N.Y. 2007).  Shady Grove made this argument unnecessary.  After Shady Grove, courts allowed NYLL class action plaintiffs to amend pleadings to add liquidated damages.  See Gortat v. Capala Bros., Inc., No. 07 CV 3269, 2011 WL 6945186, at *9–*10 (E.D.N.Y. Dec. 30, 2011).

otherwise has jurisdiction (either through supplemental jurisdiction, with FLSA claims as the

anchor, or through diversity jurisdiction when they are brought as stand-alone actions).

These courts are also incorrect that the lack of a timely FLSA claim automatically

knocks a potential plaintiff out of this case with respect to the NYLL class action.  In fact, their

claims might ultimately be found to properly fall within the court's supplemental jurisdiction.

The district courts' statutory authorization to exercise supplemental jurisdiction permits the

courts to exercise jurisdiction over state law claims that form "part of the same case or

controversy under Article III," meaning claims that emerge from the same common nucleus of

operative fact.  See 28 U.S.C. § 1367(a); United Mine Workers of Am. v. Gibbs, 383 U.S. 715,

725 (1966) ("The state and federal claims must derive from a common nucleus of operative fact.

But if, considered without regard to their federal or state character, a plaintiff's claims are such

that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming

substantiality of the federal issues, there is power in federal courts to hear the whole.").  Section

1367(a) authorizes what was traditionally known as pendent party jurisdiction, allowing the court

to "adjudicate a claim against a party who is not otherwise subject to the court's jurisdiction,

because the claim by or against that party arises from the same transaction or occurrence as

another claim that is properly before the court."  BLACK'S LAW DICTIONARY 930 (9th ed. 2009).

A number of courts have thus maintained jurisdiction over plaintiffs with

exclusively NYLL claims in combined FLSA/NYLL actions.  These courts hold that if a

plaintiff's state law claims constitute part of the same common nucleus of operative fact, the

court may exercise supplemental jurisdiction.  Ouedraogo v. Durso Assocs., Inc, No. 03 CV

1851, 2005 WL 1423308, at *2 (S.D.N.Y. June 16, 2005) (Carter, J.) (exercising supplemental

jurisdiction over a plaintiff with only NYLL claims, finding they "share too many common

threads with the other plaintiffs' federal claims for them to be separated from one another"); see also Torres v. Gristede's Operating Corp., No. 04 CV 3316, 2006 WL 2819730, at *11 (S.D.N.Y. Sept. 29, 2006) ("This Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) of Plaintiffs' state law claims if they and the FLSA claims 'derive from a common nucleus of operative fact,' such that the parties 'would ordinarily be expected to try them all in one judicial proceeding.'") (quoting Gibbs, 383 U.S. at 725); Wraga v. Marble Lite, Inc., No. 05 CV 5038, 2006 WL 2443554, at *3 (E.D.N.Y. Aug. 22, 2006) ("[F]ederal courts may, and often do, exercise supplemental jurisdiction over state labor law claims even when those employees' [FLSA] claims have been dismissed as time-barred.") (citing Godlewska v. HDA, No. 03 CV 3985, 2006 WL 1422410, at *9 (E.D.N.Y. May 18, 2006); Chen v. Street Beat Sportswear, Inc., 364 F. Supp. 2d 269, 276 (E.D.N.Y. 2005); Ouedraogo, 2005 WL 1423308, at *2; Brzychanalski v. Unesco, Inc., 35 F. Supp. 2d 351, 353–54 (S.D.N.Y. 1999)).

If any potential plaintiffs opt into the FLSA collective action but do not have claims within the FLSA's statute of limitations, defendants can move to have them dismissed from the FLSA collective action. This is a low burden on defendants. If plaintiffs then decide to include such plaintiffs in the Rule 23 NYLL class, defendants may challenge the court's subject-matter jurisdiction over those claims. The burden would then be on plaintiffs to demonstrate that those claims emerge from the same common nucleus of operative fact. See McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936) ("As [plaintiff] is seeking relief subject to this supervision, it follows that he must carry throughout the litigation the burden of showing that he is properly in court . . . . If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof.").

In addition, the court retains discretion to decline to exercise supplemental jurisdiction over exclusively NYLL claims should it find that (1) they raise novel or complex issues of state law; (2) they predominate over the original federal claims; (3) the court has dismissed all claims over which it has original jurisdiction; or (4) the court finds other compelling reasons to decline jurisdiction.  See 28 U.S.C. § 1367(c); Ouedraogo, 2005 WL 1423308, at *2.  Thus, if the record suggested that the overwhelming majority of potential opt-in plaintiffs to be notified would likely fall outside the court's supplemental jurisdiction, I might exercise my discretion to limit the notice period to three years—both for reasons of judicial economy, and to ease the burden on defendants of having to challenge the majority of the opt-in plaintiffs.  But the record does not indicate that this would be the case.

Turning to non-jurisdictional concerns, I note that many courts provide a six-year notice period for reasons of judicial economy.  For example, a six-year notice period may make it easier for the court to later determine class certification of NYLL claims.  See, e.g., Salomon v. Adderley Indus., 847 F. Supp. 2d 561, 566 (S.D.N.Y. 2012) ("Granting a six-year notice period 'may be relevant to a subsequent determination as to whether a class should be certified under New York law,' particularly where the FLSA notice explains that there may be claims arising under New York state law, which would permit recovery for the six-year period prior to suit, and thus may aid in making a subsequent determination as to whether a class should be certified under New York law. Accordingly, it is in the interest of judicial economy to provide notice covering both the three-year FLSA claims and six-year New York Labor Law claims.") (citing Winfield v. Citibank, N.A., 843 F. Supp. 2d 397, 410 (S.D.N.Y. 2012)); Cano v. Four M Food Corp., No. 08 CV 3005, 2009 WL 5710143, at *10 (E.D.N.Y. Feb. 3, 2009) ("Since there may be a number of employees who have both timely state and FLSA claims . . . and the number of

potential plaintiffs is purportedly not very high, it seems logical, efficient, and manageable to compel defendants' production of these names only once, if possible."); Moore v. Eagle Sanitation, 276 F.R.D. 54, 59 (E.D.N.Y. 2011) ("I find it appropriate and in the interest of judicial economy in this case to allow the Plaintiffs to obtain the relevant contact information going back for a six-year period 'even if some of the recipients of the notice will have claims that are time-barred under FLSA.'") (citing Cano, 2009 WL 5710143, at *10); Griffith v. Fordham Fin. Mgmt., Inc., No. 12 CV 1117, 2013 WL 2247791, at *4 (S.D.N.Y. May 22, 2013) (citing discussion of judicial economy in Salomon, 847 F. Supp. 2d at 566, as support for granting six-year notice period); see also Realite v. Ark Rests. Corp., 7 F. Supp. 2d 303, 308 (S.D.N.Y. 1998) (Sotomayor, J.) (authorizing six-year notice period for defendants' employees and noting that "[i]t will then be up to those individuals to decide whether they wish to opt-in to this action"); Ansoralli v. CVS Pharmacy, Inc., No. 16 CV 1506, 2017 WL 570767, at *3 (E.D.N.Y. Feb. 13, 2017) (granting a six-year notice period and citing cases on judicial economy).

   Here, where the plaintiffs have yet to request Rule 23 certification, a six-year notice period will best serve the court's interests in judicial economy by more rapidly providing the court with information about the FLSA opt-in plaintiffs. This will aid the parties and the court in determining whether to certify a Rule 23 class. A six-year notice period further serves the interests of judicial economy by only requiring defendants to make one production of the names of all potential plaintiffs. See Moore, 276 F.R.D. at 60.

   Finally, courts consider the practical impact of notices on employees. In one recent case the court, while acknowledging that a six-year period is permissible, adopted a three-year notice period. The court worried that plaintiffs' proposed notice would generate unnecessary confusion among employees and therefore undercut judicial economy, insofar as it

might dissuade the employees from bringing a claim.  See Brabham v. Mega Tempering & Glass Corp., No. 13 CV 54, 2013 WL 3357722, at *5–*6 (E.D.N.Y. July 3, 2013) ("This Court sees the value of both approaches but concludes that a three-year notice period is the sounder of the two on the facts of this case.").[8]  Plaintiffs had proposed a notice informing potential opt-in plaintiffs of their rights under both statutes, which the court found "might adversely affect some plaintiffs who could opt in to the FLSA action."  (Id. at *5.)  The court feared that potential opt-in plaintiffs whose claims could become time-barred might be confused by the limitations periods and miss the applicable deadline.  (Id.)  Moreover, the posture of the case was such that plaintiffs were "in a relatively firm position with respect to having the necessary information to substantiate their Rule 23 motion such that muddling the FLSA notice with a two-statute exposition would not bring as much value as it might in other cases."  (Id. at *5 n.3.)

Other courts have shared similar concerns.  See, e.g., Hamadou v. Hess Corp., 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) ("It would be confusing to employees who are ineligible for the FLSA opt-in class to receive the opt-in notice, which does not relate to any state law claims.  Further, while a class for the state law claims may someday be certified, it is an opt-out, not an opt-in, class, so there is no danger of claim lapse.").  At the same time, those courts authorizing a six-year notice period have found that providing information about state law claims "may help potential plaintiffs determine whether they want to opt in to this suit or to pursue their claims in a different forum . . . ."  Cohan v. Columbia Sussex Mgmt., LLC, No. 12 CV 3203, 2013 WL 8367807, at *10 (E.D.N.Y. Sept. 19, 2013) (quoting Kemper v. Westbury Operating Corp., No. 12 CV 895, 2012 WL 4976122, at *4 (E.D.N.Y. Oct. 17, 2012)); see also Realite, 7 F.

---

[8] The court made no "categorical recommendation" as to the ideal notice period.  Brabham, 2013 WL 3357722, at *5 n.3.

Supp. 2d at 308 (noting that with proper notice of NYLL claims "[i]t will then be up to those individuals to decide whether they wish to opt-in to this action.").

Based on my review of the case law on this issue, I find no jurisdictional or legal barriers to authorizing a six-year notice period. Nonetheless, I take these pragmatic concerns seriously, and encourage plaintiffs to craft their proposed notice carefully so as to minimize confusion among potential plaintiffs.[9]

B. Date for Measuring the Look-Back Period

Plaintiffs argue that the "look back period should be calculated from the filing of the Complaint." (Status Report at 2.) Defendants, however, contend that "the appropriate date from which to measure the window is the date on which Notice is ultimately issued." (Id.)

The look-back period is usually determined from the date on which the notice is issued. See Winfield, 843 F. Supp. 2d at 410 ("[B]ecause the three-year statute of limitations period for willful FLSA violations runs for each individual plaintiff until that plaintiff consents to join the action, notice should generally be directed to those employed within three years of the date of the mailing of the notice."). However, plaintiffs in FLSA collective actions often raise equitable tolling issues. In response, courts "frequently permit notice to be keyed to the three-year period prior to the filing of the complaint, 'with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date.'" (Id.) (quoting Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011)); see also Hamadou, 915 F. Supp. 2d at 668 (same); Bittencourt v. Ferrara Bakery & Cafe, Inc., 310 F.R.D.

_____

[9] Plaintiffs should, at a minimum, ensure that the notice "adequately describes that there are claims under New York law and that these claims, unlike the FLSA claims, have a six-year statute of limitations." Winfield, 843 F. Supp. 2d at 411. Plaintiffs should also mind examples of what not to do. See, e.g., Benavides v. Serentiy Spa NY Inc., 166 F. Supp. 3d 474, 485 (S.D.N.Y. 2016) (rejecting notice that only mentioned the NYLL claims in a footnote).

106, 116–17 (S.D.N.Y. 2015) (appropriate to use date of filing of the complaint).  One court has

pointed out that defendants "will not be prejudiced by a potentially over-inclusive notice" and

that using the date of the complaint's filing would "increase the likelihood that more party

plaintiffs with timely claims consent to opt in, with the understanding that at the appropriate

stage in the litigation, Defendants will have an opportunity to argue that each plaintiff's claim is

untimely because equitable tolling does not apply."  Alvarado Balderramo v. Taxi Tours, Inc.,

No. 15 CV 2181, 2017 WL 2533508, at *6 (S.D.N.Y. June 9, 2017).

       I find it appropriate to use the date of the complaint's filing as the look-back date,

given how often equitable tolling issues emerge in FLSA cases.  I will allow notice to be mailed

to all electricians and working foremen who worked for defendants during the six years prior to

December 8, 2016, the date of the filing of the complaint.

       C. Requiring Notice Posting

       Defendants object to plaintiffs' request that notice of the action be posted in the

workplace, in addition to being mailed.  (Status Report at 3.)  Defendants argue that posting

would be useless because potential class members will not see it, as they work "in the field at

jobsites located throughout New York City."  (Id.)  They further assert that notice posting is

impossible beyond their corporate office, as defendants do not maintain control over third party

premises.  (Id.)  Their corporate office, they maintain, is not visited by potential class members;

thus, notice would only be seen by ineligible office employees.  (Id.)  As a result, the "net effect

of an office positing [sic] would be to confuse an ineligible group of employees while conferring

no benefit on potential class members."  (Id.)  Plaintiffs do not directly address these issues, but

simply cite favorable case law.  They argue that "[i]f the Notice is posted conspicuously, the goal

of ensuring that all *current employees* are aware of the lawsuit could be achieved."  (Id. at 2.)

"Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." Whitehorn, 767 F. Supp. 2d at 449.  Such notices have been required, moreover, to be posted at multiple work locations within a state.  See, e.g., id. (requiring posting at several in-state locations); Soler v. G & U, Inc., 86 F.R.D. 524, 531–32 (S.D.N.Y. 1980) (authorizing posting at multiple in-state migrant labor camps).  Notice has also been required of employers whose locations are spread over multiple states.  See, e.g., Sherrill v. Sutherland Global Servs., Inc., 487 F. Supp. 2d 344 (W.D.N.Y. 2007) (requiring posting at eleven call centers in three states).

Notice has even been required at workplaces that are not strictly in the control of the defendants.  See Malloy v. Richard Fleischman & Assocs. Inc., No. 09 CV 322, 2009 WL 1585979, at *2-*4 (S.D.N.Y June 3, 2009) (requiring notice posting to employees who worked in various locations 'embedded' at defendant's clients' facilities)).  I recognize that the circumstances of this case may be different, as it may be that in a given period defendants' employees frequently change location.  On the record before me, it is unclear whether notice posting at any of those third-party worksites would actually be impossible or improper.  If defendants maintain or have access to bulletin boards or other forms of communication with its employees at third party premises, it must post conspicuous notice of the action there.

Defendants do not articulate convincing reasons to deny plaintiffs' request for notice posting at the corporate office.  Courts regularly find that notice posting requests place a very low burden on employer defendants in FLSA collective actions, particularly when compared to other forms of notice.[10]  I am also skeptical that the potential class members "do not

---

[10] More burdensome forms of notice include emailing all potential class members and publishing notice in employee newsletters.  See Sherrill, 487 F. Supp. 2d at 351 (posting and mailing "strikes the appropriate balance between ensuring adequate notification, while also minimizing

Continued . . .

visit" the office, as I imagine that there are, from time to time, issues or problems that would require them to visit, including those related to employee performance and payroll. I am unpersuaded that a posting at this office would confuse ineligible employees. So long as the notice clearly and conspicuously states that it applies only to working foremen and electricians, other employees are unlikely to be confused or think it applies to them. Therefore, I find that notice posting in conspicuous areas in the workplace, including the corporate office, is minimally burdensome and wholly appropriate, even if only a small number of potential class members visit that office and are informed of their rights to join the collective action.

     D. <u>Reminder Notice</u>

     The final issue in dispute is whether reminder notices may be sent to the potential class members. Plaintiffs point to caselaw holding that such notices are regularly authorized "in order to ensure that workers do not disregard the impending deadline and increase the odds that workers will be informed of their rights." (Status Report at 3.) They do not, however, propose a specific mechanism for how reminder notice would work – i.e., who would be reminded and when. Defendants, citing no cases, counter that such notice "is excessive and adds nothing in terms of informing potential class members of their rights related to this action." (<u>Id.</u>)

     Courts in this district have come down on both sides of this question. <u>Compare</u> <u>Chhab v. Darden Rests., Inc.</u>, No. 11 CV 8345, 2013 WL 5308004, at *16 (S.D.N.Y. Sept. 20, 2013) (finding that reminder notice was appropriate because notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in); <u>Morris v. Lettire Constr. Corp.</u>, 896 F. Supp. 2d 265, 281 (S.D.N.Y. 2012) (same); <u>with</u> <u>Guzelgurgenli v. Prime Time Specials Inc.</u>, 883 F. Supp. 2d 340, 357–58 (E.D.N.Y. 2012)

---

any disturbance" to the workplace); <u>Rubery v. Buth-Na-Bodhaige, Inc.</u>, 569 F. Supp. 2d 334, 338 (W.D.N.Y. 2008) (plaintiff did not justify more burdensome notice via e-mail and newsletters).

(denying reminder notice request because plaintiffs did not identify why reminder notice was necessary, but allowing them to renew it if circumstances make it necessary).  Courts nationwide have been similarly divided.  See Guzelgurgenli, 883 F. Supp. 2d at 357–58 (collecting cases).

A frequent objection to reminder notices is that they will convey the appearance that the court itself is encouraging participation in the lawsuit.  See, e.g., Witteman v. Wisconsin Bell, Inc., No. 09 CV 440, 2010 WL 446033, at *3 (W.D. Wis. Feb. 2, 2010) ("I agree that the reminder is unnecessary and potentially could be interpreted as encouragement by the court to join the lawsuit.")  One court addressed this concern, without denying the request for reminder notice altogether, by requiring that the reminder notice contain an up-front disclaimer stating that the court neither encourages nor discourages participation in the lawsuit. See Jennings v. Cellco P'ship, No. 12 CV 293, 2012 WL 2568146, at *6 (D. Minn. July 2, 2012) (cited in Guzelgurgenli, 883 F. Supp. 2d at 357).  At least one court in the Second Circuit has followed this approach. See Agerbrink v. Model Serv. LLC, No. 14 CV 7841, 2016 WL 406385, at *8 (S.D.N.Y. Feb. 2, 2016) ("In light of the salutary purpose of notice in collective actions, I see some benefit and no harm in sending a reminder notice, provided that it includes language indicating that the Court does not encourage or discourage participation in the collective action . . . . This amendment is particularly appropriate because the front page of the Proposed Reminder Notice states that it is 'a court-authorized notice.'") (citing Jennings, 2012 WL 2568146, at *6).

While defendants have not raised this specific objection, I find that the Jennings solution is appropriate here, especially since plaintiffs neither specifiy how nor when a reminder notice would be sent, nor why it is necessary in this particular case.  Providing a reminder notice with a disclaimer best serves the objectives of the collective action provision while preventing any unfair prejudice to defendants.  See Hoffman, 493 U.S. at 174 ("In exercising the

discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality.  To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action.").  I therefore adopt the <u>Jennings</u> compromise and find that a reminder notice is permissible, but should include an up-front disclaimer that the court neither encourages nor discourages employees' participation in the lawsuit.

CONCLUSION

For the reasons stated above: (1) a six-year notice period is permissible and in the best interests of judicial economy, so long as notice is carefully crafted so as to minimize confusion among potential class members; (2) it is permissible to calculate the look-back period from the date of filing the Complaint, so as to ensure that potential opt-in plaintiffs whose claims may be equitably tolled receive the notice; (3) defendants may indeed be required to post the notice in conspicuous areas in the workplace, including the corporate office; and (4) a reminder notice may be sent, so long as it contains a disclaimer stating that the court neither encourages nor discourages participation in the action.  These rulings resolve all the issues on which the parties requested rulings.  The parties are therefore directed to finalize their stipulation for preliminary certification within fourteen (14) days of this order.

SO ORDERED.

Dated:  Brooklyn, New York
         October 27, 2017

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge