UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
VALDINEI LOPES and EDISON NARANJO
On Behalf of Themselves and All Others
Similarly Situated,

                Plaintiffs,

                                                      O R D E R
    -against-                                                      16 CV 6796 (MKB)(RML)

HESO, INC., HAVANA WIRING & ELECTRICAL
CORP., QUALITY USED ELECTRICAL
EQUIPMENT INC., EMPIRE ELECTRICAL
SOLUTION INC. and HERNAN F. SOCARRAS
a/k/a FRANK SOCARRAS,

                Defendants.
----------------------------------------------------------------X

LEVY, United States Magistrate Judge:

        On October 27, 2017, I made rulings on several issues—as requested by both parties—in order to obviate the need for a formal motion for conditional certification in this wage and hour action. (Order, dated Oct. 27, 2017 ("10/27 Order"), Dkt. No. 25.) Defendants now move for reconsideration of my ruling that "a six-year notice period is permissible and in the best interests of judicial economy, so long as notice is carefully crafted so as to minimize confusion among potential class members." (Id. at 17.) Plaintiffs oppose reconsideration, and move for equitable tolling based on litigation delays. (Plaintiffs' Opposition to Motion, dated Nov. 24, 2017 ("Pls.' Opp."), at 2.) For the reasons stated below, both motions are denied.

## DISCUSSION

    I.    Motion for Reconsideration

        Motions for reconsideration in this district must include a memorandum "setting forth concisely the matters or controlling decisions which counsel believes the Court has

overlooked." Local Civil Rule 6.3. In the Second Circuit, the "standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX, Inc., 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration will not be granted if a party solely seeks to relitigate an issue already decided. (Id.)

Here, defendants state several reasons why they believe they are entitled to reconsideration. First, they argue that reconsideration is appropriate because they "did not have the opportunity to fully brief the Court on this issue." (Motion for Reconsideration, dated Nov. 10, 2017 ("Mot.").) Yet nothing prevented defendants from providing the court with more extensive briefing on this particular question. Instead, defendants and plaintiffs agreed to send a joint letter summarizing their positions and requesting rulings, in lieu of a formal motion.[1] Thus, defendants waived the right to object that their opportunity to brief was inadequate.

Second, defendants state that the court "overlooked pertinent legal authority and facts in the record" in deciding that a six-year notice period was appropriate. (Mot. at 2.) But the question on a motion for reconsideration is whether the court overlooked *controlling* legal authority. Defendants have not asserted this. Instead, they have merely cited rulings favorable

---

[1] In that letter, defendant opted to make a minimal statement as to its views of the appropriate length of the notice period. The entirety of their position was summarized as follows:

> Plaintiff's proposal is improper, as the six year statute of limitations under the NYLL has no bearing on a discussion of issues pertaining to conditional class certification under the FLSA. If plaintiffs seek contact information for the employees who have worked during the six year period, they can request same in discovery and defendants will object or respond as appropriate.

(Status Report requesting rulings, dated June 20, 2017, Dkt. No. 22, at 2.)

to issuing a three-year notice.  (See id. at 2–3.)  As my order noted, there is no controlling legal authority from the Second Circuit on this issue, and district courts have been divided.  (10/27 Order at 4.)  Defendants nevertheless contend that a clear trend exists in favor of a three-year notice period, and insist that the court may consider "any matters 'that might reasonably be expected to alter its conclusion.'"  (Reply, dated Dec. 1, 2017, at 2 (quoting Shrader, 70 F.3d at 257)).  However, even under this very generous reading of the standard for reconsideration, defendants would have to explain *why* the matters cited would reasonably be expected to alter the court's conclusion by, for example, pointing to what is new or different in their reasoning.  Defendants have not done so.  Instead, they merely state that "the latest decisions on this matter (decided in 2016 and the latest decided just over a month ago) have upheld the three year notice period."  (Id.)  However, as discussed in my order, there is little indication of a decisive trend in one direction or the other.[2]  (See 10/27 Order at 5.)

        Defendants have pointed neither to controlling authority the court has overlooked nor to matters that would reasonably be expected to alter the court's conclusion.  Because defendants have not met the legal standard, I find reconsideration unwarranted.

    II.        Motion for Equitable Tolling

        District courts may apply equitable tolling "as a matter of fairness where a [party] has been prevented in some extraordinary way from exercising his rights.'"  Iavorski v. United States I.N.S., 232 F.3d 124, 129 (2d Cir. 2000)).  Plaintiffs argue that they are entitled to equitable tolling of the Fair Labor Standards Act's statute of limitations because of litigation delays stemming from the court's delay in issuing the October 27, 2017 order and the additional

---

[2] Defendants' claim is further undermined by recent decisions in this court authorizing a six-year notice period.  See, e.g., Miranda v. Gen. Auto Body Works, Inc., No. 17 CV 4116, 2017 WL 4712218, at *2–*3 (E.D.N.Y. Oct. 18, 2017); Ansoralli v. CVS Pharmacy, Inc., No. 16 CV 1506, 2017 WL 570767, at *3 (E.D.N.Y. Feb. 13, 2017).

3

delay caused by defendants' motion for reconsideration. According to plaintiffs, "each one of the putative members will have lost four and one half months off their statute of limitations … [and] off the value of their FLSA claims" as of December 1, 2017. (Pls.' Opp. at 2.)

Whether a litigation delay so affected a potential plaintiff's rights that it should result in equitable tolling cannot be determined absent other facts about that potential plaintiff. "Where, as here, the Court permits notice to be effectuated upon a large class of Plaintiffs, the determination as to the timeliness of each future plaintiff's action is better reserved for a future proceeding." Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011) (citing Thompson v. World Alliance Fin. Corp., No. 08 CV 4951, 2010 WL 3394188, at *7 (E.D.N.Y. Aug. 20, 2010)). Moreover, I have already ruled that the date of the complaint's filing may be used as the look-back date, which will "increase the likelihood that more party plaintiffs with timely claims consent to opt in . . . ." Alvarado Balderramo v. Taxi Tours, Inc., No. 15 CV 2181, 2017 WL 2533508, at *6 (S.D.N.Y. June 9, 2017). Equitable tolling at this stage in the litigation is therefore premature.

## CONCLUSION

For the reasons stated above, defendants' motion for reconsideration is denied. Plaintiffs' motion for equitable tolling is also denied as premature; plaintiffs may renew this motion as appropriate with respect to the particular impact of litigation delays on potential plaintiffs who opt in.

SO ORDERED.

Dated: Brooklyn, New York
December 12, 2017

/s/
ROBERT M. LEVY
United States Magistrate Judge

4